IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HARTFORD LIFE & ACCIDENT** § | | **PLAINTIFF/** |
| **INSURANCE COMPANY** § | | **COUNTER-DEFENDANT** |
| § | | |
| V. § | | Civil No. 1:10CV22-HSO-JMR |
| § | | |
| **BRENDA HOLDER &** § | | **DEFENDANTS/** |
| **D.L.P., a minor** § | | **COUNTER-PLAINTIFFS** |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR DISCHARGE OF LIABILITY AND TO DISMISS, AND
DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

This cause comes before the Court upon Plaintiff / Counter-Defendant Hartford Life and Accident Insurance Company's ["Hartford"] Motion [37-1] for Discharge of Further Liability and Dismissal with Prejudice, and upon their Motion [50-1] for Attorneys' Fees and Costs. Both Motions have been fully briefed. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Hartford's Motion to Dismiss should be granted, and that Hartford's Motion for Fees and Costs should be denied.

I. FACTS AND PROCEDURAL HISTORY

L.M. Holder was insured for $50,000.00 in life insurance and $50,000.00 in accidental death/dismemberment coverage under a policy issued by Hartford to his employer, Dynamic Industries, Inc. Brenda Holder, the wife of Mr. Holder, was designated as the primary beneficiary of the life insurance benefits under the policy. D.L.P., Mr. Holder's minor grandson, was named contingent beneficiary. Mr. Holder died on September 8, 2008. His death was ruled a homicide. *See* Ex. "C" to First Amended Interpleader Compl. On October 8, 2008, Brenda Holder completed

and submitted a claim form for the policy proceeds.  During the course of the claim investigation, it was discovered that, on or about September 11, 2008, Brenda J. Holder was charged with Hindering Prosecution of a Felon, Perjury, and Accessory After the Fact to murder, in connection with Mr. Holder's death.  Compl. ¶ 10, at p. 4.

Hartford filed an Interpleader Complaint in this Court on January 13, 2010 [1-1], naming Brenda Holder as a Defendant.  Hartford then requested, and was granted leave, to tender the sum of $101,688.36, the proceeds of the life insurance, into the Court's registry [8-1].  Hartford filed an Amended Interpleader Complaint on June 28, 2010, naming D.L.P., a minor, as a potential beneficiary.  [5-1, 27-1].  On September 13, 2010, Hartford filed the present Motion to Dismiss [37-1].  Brenda Holder filed a Joinder on September 15, 2010 [38-1].  On October 6, 2010, a Response was filed on behalf of D.L.P.  On October 15, 2010, Hartford then filed a Motion for Attorneys' Fees and Costs [50-1].  A Response in Opposition was filed on behalf of D.L.P. on November 1, 2010 [51-1].

II.  DISCUSSION

A. Plaintiff's Motion for Discharge of Further Liability & Dismissal with Prejudice

Hartford states that it has tendered $101,688.36, into the Court's registry, which represents the value of Mr. Holder's Policy, plus interest, and asks that it be discharged from further liability in connection with the benefits at issue.  As noted above, Brenda Holder does not object to Hartford's Motion.  While the Response

filed on behalf of D.L.P. does not oppose Hartford's dismissal per se, counsel for D.L.P. argues that Hartford's request for attorneys' fees and costs, "would keep it a party to the case, as it appears if Hartford seeks part of the interpled fund that a minor, here D.L.P., is claiming." Resp. to Mot. for Discharge of Liability at p. 1.

The Court, after review of the pleadings on file, the record, and the relevant legal authorities finds that Hartford's Motion for Discharge of Further Liability and for Dismissal should be granted, in light of its resolution of the request for fees and costs as set forth hereinafter.

B.  Plaintiff's Motion for Attorneys' Fees and Costs

It is well settled that this Court:

> has the authority to award costs, including reasonable attorney's fees, in interpleader actions. *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983). Awarding costs is a matter of judicial discretion. *Phillips Petroleum Co. v. Hazlewood,* 534 F.2d 61, 63 (5th Cir. 1976). The following factors are relevant to determining whether to award costs to an interpleader-plaintiff: (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings. *See* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001).

*Royal Indem. Co. v. Bates*, 307 Fed. App'x 801, 806 (5th Cir. 2009).

The Court finds that because the corpus proceeds are so intertwined with any amount that might be awarded as fees and costs, it cannot award fees and costs without reducing the corpus. Moreover, after balancing the factors outlined above, and based upon the record in this case, the Court, in its discretion, finds that an award

of fees and costs is not appropriate here. Plaintiff's Motion for Attorneys' Fees and Costs should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff/Counter-Defendant Hartford's Motion [37-1] to Dismiss with Prejudice and Discharge of Further Liability should be and hereby is **GRANTED**, and Hartford is hereby **DISMISSED** from these proceedings.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff/Counter-Defendant Hartford's Motion [50-1] for Attorneys' Fees and Costs should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED,** this the 13th day of January, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE